EXHIBIT B
(Sale Procedures Order)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re                                           Chapter 11

DTZ ROCKWOOD LLC,                               Case No. 09-13566 (SMB)

                        Debtor.

--------------------------------------------------------X

**ORDER (1) APPROVING BIDDING AND AUCTION PROCEDURES AND FEE
PROTECTIONS IN CONNECTION WITH PROPOSED SALE; (2) FIXING
DATE OF FINAL HEARING ON DEBTOR'S MOTION FOR AN ORDER PURSUANT
TO 11 U.S.C. §§ 105, 363 AND 365 (A) AUTHORIZING THE DEBTOR TO SELL
SUBSTANTIALLY ALL OF ITS ASSETS RELATED TO ITS BUSINESS AND (B)
APPROVING THE RELATED ASSIGNMENT OF EXECUTORY CONTRACTS AND
LEASES; AND (3) PRESCRIBING NOTICE THEREOF**

Upon the Motion of DTZ Rockwood LLC (the "**Debtor**") for Orders (A) Authorizing and

Scheduling an Auction to Solicit Bids for the Sale of Substantially All Assets Related to the

Debtor's Business Free and Clear of Liens, Interests and Encumbrances; (B) Approving Bidding

Procedures and Certain Fee Protections; (C) Approving Asset Purchase Agreement or

Subsequent Overbid; (D) Scheduling a Hearing to Consider Approval of the Sale; (E)

Establishing Procedures for Determination of Cure Amounts and for Approval of Assumption

and Assignment of Executory Contracts and Unexpired Leases Pursuant to the Sale; and (F)

Establishing the Form and Manner of Notices Related Thereto,  dated April 6, 2011 (with the

exhibits thereto, the "**Sale Motion**");[1] and the Sale Motion requesting, among other things, that

this Court (a) authorize and schedule an auction (the "**Auction**") to sell substantially all assets of

the Debtor free and clear of all liens, claims, encumbrances, and other interests (the "**Sale**")

pursuant to the terms of a certain Asset Purchase Agreement, dated as of March 18, 2011, as amended pursuant to a certain First Amendment to Asset Purchase Agreement dated as of April 6, 2011 (as amended, the "**Purchase Agreement**") between the Debtor and Rockwood-CWFS LLC ("**CWFS**"); (b) authorize and approve the sale and bidding procedures to be employed in connection with the proposed Sale and the Auction, as set forth in the Purchase Agreement and attached hereto as <u>Exhibit 1</u> (the "**Bidding Procedures**"); (c) authorizing and approving certain Termination Fee and Break-Up Fee (both as defined below); (d) establishing a deadline and procedures to determine cure amounts related to and otherwise approve the assumption and/or assignment of the executory contracts and unexpired leases to be assumed (to the extent not previously assumed) and assigned by the Debtor to CWFS pursuant to the Sale (the "**Assigned Contracts**"); (e) approving the form and manner of notices of the Sale, the Auction, the Bidding Procedures, and the deadline and procedures relating to the Assigned Contracts; and (f) scheduling a final hearing to consider approval of the Sale (the "**Sale Hearing**"); and the Court having reviewed pleadings filed by counsel to the Debtor; [no objection having been filed]; a hearing having been held on April _____, 2011; and there being due and sufficient notice of the interim relief requested in the Sale Motion and the hearing thereon; and after due deliberation, due and sufficient cause and good business reasons appearing for the relief granted herein, IT IS HEREBY FOUND AND CONCLUDED that:

A.     The Debtor has given due and proper notice of the Sale Motion and hearing on the sale and bidding procedures portion of the Sale Motion. The notice of and opportunity to be heard with respect to the initial hearing on the Sale Motion was proper, timely, adequate, and sufficient and meets the requirements of the Bankruptcy Code and Bankruptcy Rules, is

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Sale Motion.

reasonably calculated to give actual notice of the relief contemplated hereby, is appropriate under the circumstances, and no further notice is required. A reasonable opportunity to object or be heard regarding the relief granted by this Order has been afforded to those parties entitled to notice.

B.     The Sale Notice attached hereto as Exhibit A (the "**Sale Notice**") is reasonably calculated to provide all interested parties with timely and proper notice of the proposed Sale, including, without limitation: (i) the date, time and place of the Auction (if one is held); (ii) the Bidding Procedures and the dates and deadlines related thereto; (iii) the objection deadline for the Sale and the date, time, and place of the Sale Hearing; (iv) reasonably specific identification of the Assets; and (v) representations describing the Sale as being free and clear of liens, claims, encumbrances and other interests, with all such liens, claims, encumbrances and other interests attaching with the same validity and priority to the sale proceeds.

C.     The notice of assumption and/or assignment of the contracts and leases attached hereto as Exhibit B (the "**Assignment Notice**") is reasonably calculated to provide counterparties to the Assigned Contracts with proper notice of the proposed assumption and assignment of such contracts and leases by the Debtor to CWFS pursuant to the Purchase Agreement, the proposed cure amounts related thereto, if any, and the right, procedures and deadlines for objecting thereto.

D.     The approval of the Bidding Procedures is in the best interest of the Debtor, its estate, its creditors, and other parties in interest. The Debtor's determination to propose and to agree to such provisions is within the reasonable business judgment of the Debtor. The Bidding Procedures, including the Fee Protections, are fair and reasonable and reasonably calculated to enhance the process of competitive bidding to  maximize recovery with respect to the Debtor's assets and are beneficial to the estate of the Debtor and all interested parties.

E.       Without the Fee Protections, CWFS would not have entered into the Purchase Agreement with the Debtor, and the Fee Protections constitute a critical component in CWFS' decision to proceed under the Purchase Agreement.

F.       CWFS is entitled to the full protections afforded good faith purchasers under section 363(m) of the Bankruptcy Code.

WHEREUPON, IT IS HEREBY ORDERED THAT:

### Sale and Bidding Procedures; Auction

1.       The interim relief sought in the Sale Motion is granted as provided herein.

2.       The Bidding Procedures annexed hereto as <u>Exhibit 1</u> and incorporated by reference as though fully set forth herein shall be, and hereby are, approved. The requirements for submitting counteroffers or bids are set forth in such Bidding Procedures.

3.       The Auction shall be conducted by the Debtor and its professionals as set forth in the Bidding Procedures, and shall be held at United States Bankruptcy Court, One Bowling Green, Courtroom 723, New York, New York 10004 on _____ _____, 2011 at _____.m. until it is concluded; <u>provided, that</u> if no qualified bids are made at or prior to the Auction, the Debtor shall proceed to seek approval of its entry into and performance of the Purchase Agreement at the Sale Hearing. The Court or the Debtor will not entertain any new offers at the Sale Hearing, except offers made by the bid deadline set forth in the Bidding Procedures.

4.       If bidding occurs at the Auction, the successful bidder (other than CWFS) shall, prior to the termination of the Auction, execute and deliver to the Debtor its asset purchase agreement, and other related documents as set forth in the Bidding Procedures. Such successful bidder shall use its best efforts to demonstrate to the satisfaction of the Debtor and the Court at the Sale Hearing its ability to (i) satisfy all requirements of its asset purchase agreement for

4

purchase of the Assets and assumption and assignment of the agreements to be assumed and assigned pursuant to such asset purchase agreement, including, but not limited to, establishing "adequate assurance of future performance" with respect to such agreements; and (ii) prove its status, by admissible evidence, as a good faith purchaser pursuant to 11 U.S.C. § 363(m).

5.      The closing by the successful bidder shall occur on or before five business days of the Sale Hearing at the offices of Cuevas & Greenwald, P.C., 475 Park Avenue South, New York, New York 10016, subject to agreed extension for cause shown to the Court; provided that the closing with respect to CWFS shall be as set forth in the Purchase Agreement.

6.      If the successful bidder is unable to close on or before 10 days after the Sale Hearing, or as set forth in the Purchase Agreement with respect to CWFS, the Debtor, in its discretion, is authorized to accept the bid of the next highest bidder.

7.      Nothing in the Bidding Procedures shall be permitted to cause the Debtor to derogate its fiduciary duties to the estate.

### Assumption and Assignment of Executory Contract and Unexpired Leases and Related Notice

8.      The Assignment Notice, as such notice may be amended appropriately to conform with the provisions of this Order, shall be, and hereby is, approved.

9.      The Debtor shall file with the Court and serve the Assignment Notice on all non-debtor counterparties to any executory contract or unexpired lease that may be assumed by the Debtor and assigned to CWFS, in each case by overnight mail on or before April _____, 2011. As soon as practicable after the selection or designation of the successful bid, to the extent CWFS is not the successful bidder, the Debtor shall file with the Court and serve on the contract

notice parties a further notice identifying the sussessful bidder and stating which executory contracts and unexpired leases will be transferred as Assigned Contracts.

10. Objections, if any, to the assumption and/or assignment of any contract or lease, proposed cure amount or adequate assurance of future performance proposed with respect thereto must be filed with the Court and served upon the Notice Parties (as defined below) on or before the Objection Deadline (as defined below).

### Sale Hearing and Related Notice

11. The Sale Notice, as such notice may be amended appropriately to conform with the provisions of this Order, shall be, and hereby is, approved.

12. The Debtor shall file with the Court and serve the Sale Notice and this Order upon: (i) all secured creditors; (ii) all other creditors of the Debtor; (iii) all parties that have filed a notice of appearance; (iv) all non-debtor parties to the Debtor's executory contracts and unexpired leases; (v) all parties that have expressed an interest in purchasing the Debtor's assets; (vi) the Office of the United States Trustee; and (vii) applicable federal and state taxing authorities, in each case by overnight mail on or before April _____, 2011.

13. The Sale Hearing will be held at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom 723, New York, New York 10004 on _____ _____, 2011 at _____m, or as soon thereafter as counsel may be heard.

14. Objections, if any, to the Sale must be filed with this Court and served on (a) counsel for the Debtor, Carlos Cuevas, Esq., Cuevas & Greenwald, P.C., 1250 Central Avenue Yonkers, New York 10704, (b) the Office of the United States Trustee, 33 Whitehall Street, New York, New York 10004, attn: Richard Morrissey, Esq., and (c) counsel for the Buyer, Donald E. Rothman, Riemer & Braunstein LLP, Three Center Plaza, Boston, Massachusetts 02108, with a

courtesy copy delivered to Chambers (the "**Notice Parties**"), in each case so as to be received at least *three days* before the date of the Sale Hearing (the "**Objection Deadline**").

## Fee Protections

15.     The Fee Protections as set forth in the Sale Motion are hereby approved.

16.     In the event that the closing under the Purchase Agreement does not occur within forty five (45) days from the execution of the first amendment to the Purchase Agreement and such agreement is terminated, for any reason other than (i) due to a material breach of CWFS or (ii) an Alternative Transaction, the Debtor  shall be responsible for and pay a termination fee by reimbursing CWFS for all its reasonable, actual out-of-pocket legal, tax, accounting, due diligence and other expenses incurred in connection with the Purchase Agreement (the "**Termination Fee**").

17.     In the event CWFS is not the successful bidder, as set forth in the Purchase Agreement and the Sale Motion, the Debtor shall pay to CWFS in cash at the closing of such Alternative Transaction a break-up fee of $250,000.00, as partial reimbursement of CWFS' reasonable, actual out-of-pocket fees and expenses, including reasonable attorneys' fees and expenses of other consultants, incurred in connection with the transactions contemplated by the Purchase Agreement (the "**Break-Up Fee**", collectively with the Termination Fee, the "**Fee Protections**").

18.     The Termination Fee and the Break-Up Fee, when earned, (i) shall have priority over any and all administrative expenses, including, without limitation, the kinds specified in sections 105, 326, 328, 330, 331, 503(b), 506(c), 507(a), 507(b), 546(c), 726, 1113, or 1114, as applicable, of the Bankruptcy Code, which allowed super-priority claim shall be payable from, and have recourse to, all prepetition and postpetition property of the Debtor, including any

amounts that are recovered or otherwise received by the Debtor in respect of claims under sections 502(d), 544, 545, 547, 548, 549, 550 or 551 of, or any other avoidance actions under, the Bankruptcy Code; and (ii) shall be secured by a perfected lien on all of the Debtor's assets and any proceeds therefrom, including the proceeds of an Alternative Transaction, that is junior only to Signature Bank and superior to secured liens of Messrs. John Magee and Daniel McNulty. The Break-Up Fee, if applicable, shall be set aside from the sale proceeds of the Alternative Transaction, at closing, pending payment of such amount to CWFS.

19.     CWFS shall not be deemed to waive the Break-Up Fee by rebidding. In the event CWFS bids at the Auction, CWFS will receive a "credit" in an amount equal to the amount of the Break-Up Fee as set forth in the Purchase Agreement.

## Other Matters

20.     The service as ordered and directed herein shall be deemed good and sufficient notice of this Order, the Sale Hearing and all proceedings to be held thereon. No other or further notice need be given.

21.     Without the written consent of CWFS, the Bidding Procedures shall not be modified by the Debtor. CWFS shall have standing and the right to enforce the Bidding Procedures without the necessity of demonstrating the inadequacy of a legal remedy.

22.     The Court has and will retain jurisdiction to enforce this Order according to its terms.

Dated: New York, New York
                    , 2011

EXHIBIT 1
(Sale and Bidding Procedures)

# EXHIBIT 1

## SALE AND BIDDING PROCEDURES
### Case No. 09-13566 (SMB)

The following sale and bidding procedures shall apply in connection with the sale of assets of Rockwood Real Estate Advisors LLC, f/k/a DTZ Rockwood LLC (the "**Debtor**") pursuant to the Debtor's Motion for Orders (A) Authorizing and Scheduling an Auction to Solicit Bids for the Sale of Substantially all Assets Related to the Debtor's Business Free and Clear of Liens, Interests and Encumbrances; (B) Approving Bidding Procedures and Certain Fee Protections; (C) Approving Asset Purchase Agreement or Subsequent Overbid; (D) Scheduling a Hearing to Consider Approval of the Sale; (E) Establishing Procedures for Determination of Cure Amounts and for Approval of Assumption and Assignment of Executory Contracts and Unexpired leases Pursuant to the Sale; and (F) Establishing the Form and Manner of Notices Related Thereto (the "**Sale Motion**").[3] Pursuant to the Sale Motion, the Debtor has received a stalking horse bid from Rockwood-CWFS LLC ("**CWFS**").

1.  <u>Qualifying Bidder.</u> A qualifying bidder is a potential bidder, other than CWFS or its affiliate, which has executed a confidentiality and non-disclosure agreement with the Debtor and delivers to the Debtor a written and binding offer on or before the Bid Deadline (as defined below) (the "**Qualifying Bidder**").

2.  <u>Bid Deadline</u>. To be considered a timely counteroffer, such counteroffer must be delivered no later than 5:00 p.m. prevailing Eastern Time on _____ _____, **2011** ("**Bid Deadline**") to bankruptcy counsel for the Debtor (Carlos Cuevas, Esq., Cuevas & Greenwald, P.C.,1250 Central Avenue, Yonkers, New York 10704). The Debtor shall immediately forward to CWFS any counteroffer received.

3.  <u>Counteroffers for the Purchased Assets</u>. To constitute a "Qualifying Counteroffer", such counteroffer must be from a Qualifying Bidder, must be timely (as set forth in paragraph 2 above) and must provide for the following:

    (a)    a bid for substantially the same assets and upon substantially the same or more favorable terms as the terms set forth in the Asset Purchase Agreement between the Debtor and CWFS (the "**CWFS Purchase Agreement**") for a purchase price of at least $3,530,000.00 in cash;

    (b)    state that the bidder is prepared to enter into a legally binding purchase and sale agreement or similar agreement for the acquisition of the Assets on terms and conditions no less favorable to Debtor than the terms and conditions contained in the CWFS Purchase Agreement, including, without limitation, the purchase of the Assets and the

---

[3] Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Sale Motion.

assumption of the Assumed Liabilities (as defined in the CWFS Purchase Agreement); and is accompanied by a clean and duly executed asset purchase agreement (the *"Modified Asset Purchase Agreement"*) and a marked Modified Asset Purchase Agreement reflecting the variations from the CWFS Purchase Agreement;

(c) state that the bidder's offer is irrevocable until the closing of the purchase of the Assets if such bidder is the successful bidder;

(d) does not request or entitle the bidder to any transaction or break-up fee, expense reimbursement or similar type of payment;

(e) fully discloses the identity of each entity that will be bidding for the Assets or otherwise participating in connection with such bid, and the complete terms of any such participation;

(f) adequately demonstrates to the Debtor and its financial advisors, if any, the financial wherewithal of each entity to perform the Assigned Contracts and complete the transaction contemplated by such entity's bid; and

(g) is accompanied by a cash deposit or cashier's check in an amount of $160,000, which Debtor's attorney will hold in a segregated account containing only deposits from bidders participating in the Auction.

 4. <u>Auction</u>. After the Bidding Deadline, if at least one bid (in addition to CWFS' offer) is received that satisfies the procedures outlined herein, the Debtor shall conduct an auction (the "**Auction**"). The Auction shall take place at the Bankruptcy Court before the sale hearing scheduled for April _____, 2011 (as set forth in the Sale Notice). The Auction shall be governed by the following procedures:

(a) Only representatives of Debtor, CWFS, any secured lenders of Debtor that existed prior to the Petition Date and Qualifying Bidders may participate at the Auction;

(b) Only CWFS and other Qualifying Bidders shall be entitled to make any subsequent bids at the Auction;

(c) Each Qualifying Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale;

(d) Bidding shall commence at the amount of the highest and/or best qualifying bid submitted by the Qualifying Bidders prior to the Auction;

(e) Qualifying Bidders or CWFS (if not the highest and/or best bidder) may then submit successive bids in increments of at least $75,000 higher than the bid at which the

Auction commenced and then continue in minimum increments of at least $75,000 higher than the previous bid. Nothing contained herein shall be construed to require CWFS to bid any incremental amount in excess of the competing bid of any other party at the Auction (less the amount of the Break-Up Fee);

(f)     The Auction shall continue until there is only one offer that Debtor determines, subject to Bankruptcy Court approval, is the highest and best offer submitted at the Auction from among the Qualifying Bidders and CWSF (the "**Successful Bid**"). The bidder submitting such Successful Bid shall become the successful bidder (the "**Successful Bidder**") and shall have such rights and responsibilities of the purchaser as set forth in the applicable asset purchase agreement. In the event the Purchaser bids at the Auction, the Purchaser will receive a "credit" in an amount equal to the amount of the Break-Up Fee as set forth in the CWFS Purchase Agreement. Within three days after adjournment of the Auction, the Successful Bidder shall complete and execute all agreements, contracts, instruments and other documents evidencing and containing the terms and conditions upon which the Successful Bid was made. Bids made after the close of Auction shall not be considered by the Debtor or the Bankruptcy Court.

5.     <u>Reservation of Rights</u>. The Debtor may (i) determine, in its business judgment, which bid, if any, is the highest or otherwise best offer and (ii) reject at any time before entry of an order of the Bankruptcy Court approving a bid, any bid (other than the CWFS Purchase Agreement, which the Debtor has accepted) that, in the Debtor's sole discretion is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code or the sale and bidding procedures, or (c) contrary to the best interest of the Debtor, its estate and creditors.

EXHIBIT A
(Sale Notice)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

ROCKWOOD REAL ESTATE ADVISORS LLC

f/k/a DTZ Rockwood LLC

Debtor.

Case No. 09-13566-SMB

Chapter 11

### NOTICE OF (I) PROPOSED SALE OF ASSETS OF THE DEBTOR FREE AND CLEAR OF ANY AND ALL LIENS, CLAIMS AND ENCUMBRANCES, (II) PLAN CONFIRMATION HEARING, AND (III) DEADLINE FOR SUBMITTING OBJECTIONS

To Prospective Creditors and other Parties in Interest:[1]

      **NOTICE IS HEREBY GIVEN**, pursuant to 11 U.S.C. § 363, Fed. R. Bankr. P. 2002(a)(2) and 6004, and the applicable Local Bankruptcy Rules, of the Debtor's Amended Plan of Reorganization, dated March _____, 2011 (the "Chapter 11 Plan").[2] Pursuant to the Chapter 11 Plan, Rockwood Real Estate Advisors LLC (the "Debtor") seeks an Order (the "Sale and Confirmation Order"),[3] among other things, (A) confirming the Chapter 11 Plan; and (B) authorizing and approving (i) the Asset Purchase Agreement, dated as of March _____, 2011 (the "Asset Purchase Agreement") between the Debtor and Rockwood-CWFS LLC (the "Buyer"), (ii) the sale of substantially all assets of the Debtor, as set forth in the Asset Purchase Agreement, free and clear of all liens, claims, encumbrances and other interests (the "Purchased Assets"), and (iii) the assumption and/or assignment of certain executory contracts and unexpired leases of the Debtor. The Debtor intends to sell the Purchased Assets to the Buyer for the purchase price of $3,180,000 as set forth in the Asset Purchase Agreement. The Buyer is not an insider or an affiliate of the Debtor.

---

[1] [***Note***: *See* Bankruptcy Rule 2002(a)(2) for sale and Rule 2002(f) (7) for entry of confirmation order regarding notice to all creditors; Rule 2002(d) for notice to equity security holders; Rule 6004(c) for required service on all parties with liens and other interests; Rule 6004(c) and Rule 9014 regarding requirement that sale motion be served in a manner provided for service of summons and compliant under Rule 7004 (see 7004(b) and (h)). *See also* General Order M-383 Section II.B for parties required to receive notice.]

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Chapter 11 Plan.

[3] The Debtor has filed a separate motion for an Order authorizing and approving certain termination and break-up fees in connection with the proposed sale, and such Order was entered by the Court on _____, 2011.

A copy of the Asset Purchase Agreement is attached as Exhibit "A" to the Chapter 11 Plan. The Purchased Assets to be sold to the Buyer under Article II of the Asset Purchase Agreement include, but are not limited to, the following:[4]

(a)     all rights under certain contracts and agreements of the Debtor;

(b)     substantially all tangible personal property;

(c)     all books and records related to the Purchased Assets;

(d)     all intangible assets, including the exclusive and perpetual right for the Buyer to use the name "Rockwood Real Estate Advisors;"

(e)     all claims and causes of action, including any causes of action arising under Chapter 5 of the Bankruptcy Code, with respect to the assigned contracts;

(f)     all prepaid expenses of the Debtor related to the Purchased Assets;

(g)     the Debtor's rights under insurance policies to the extent related to the Purchased Assets;

(h)     all intellectual property; and

(i)     all permits in connection with the business and assigned contracts.

The obligations of the Buyer to consummate the transactions contemplated by the Asset Purchase Agreement shall be subject to certain conditions, including those set forth in Article VIII of the Asset Purchase Agreement. The proposed sale of the Purchased Assets shall be as set forth in the Chapter 11 Plan and the Asset Purchase Agreement. All "Extraordinary Provisions" as defined and set forth in this Court's Local Bankruptcy Rules (as supplemented by General Order M-383) are disclosed in the Chapter 11 Plan.

Pursuant to Section 363 of the Bankruptcy Code, subject to the entry of the Sale and Confirmation Order, the Purchased Assets will be sold free and clear of Liens (as defined in the Asset Purchase Agreement),[5] encumbrances, and other interests (collectively, the

---

[4] The following list is not intended to be comprehensive or exhaustive.  Parties are directed to review the Asset Purchase Agreement, as its terms govern the proposed sale.

[5] "Liens" means all liens or other interests as defined in 11 U.S.C. § 363(f), encumbrances, rights of third parties (express or implied), claims (as defined in Section 101(5) of the Bankruptcy Code), Indebtedness, obligations, Liabilities, judgments, demands, subleases, contractual commitments, mortgages, pledges, guarantees, security interests, conditional sale or other title retention agreements, defects, charges, options, rights of first refusal, reservations, restrictions or interests of any kind, rights of others of every type and description, whether arising prior to or subsequent to the commencement of the Bankruptcy Case, and whether imposed by agreement, understanding, law, equity or otherwise, whether secured or unsecured, including without limitation:

(i)     any and all claims, demands, damages, actions, causes of action, contracts, agreements, charges, sums of money, claims for attorney's fees, claim of any violation of any state or federal statutes, rules or regulations, and lawsuits of every kind and description, whether known or unknown, now existing, or which may hereafter arise against the Debtor; and

"Encumbrances"), whether consensual or arising by operation of law, as set forth in the Asset Purchase Agreement, with such Encumbrances to attach to the sale proceeds. The Sale and Confirmation Order will also serve to bar any claims against the Debtor or the Buyer for successor liability or otherwise arising out of the Purchased Assets.

If you are a creditor of the Debtor, your rights may be affected by the Court's entry of the Sale and Confirmation Order. You should read the pleadings carefully and you may wish to consult with an attorney.

**ASSUMPTION AND/OR ASSIGNMENT OF CONTRACTS AND LEASES** Entry of the Sale and Confirmation Order shall also serve as approval of the assumption and/or assignment of certain executory contracts and unexpired leases of the Debtor pursuant to Section 365 of the Bankruptcy Code. A separate Notice of Proposed Assumption and/or Assignment of such contracts and leases will be served to the relevant parties.

**CONFIRMATION OF THE PLAN; USE OF PRIOR VOTES** For reasons set forth in the Chapter 11 Plan, any prior vote cast in connection with the Debtor's Modified Plan of Reorganization, dated August 23, 2010 and filed with the Court on [_____], 2010 will be counted for purposes of computing acceptance or rejection of the Chapter 11 Plan.

**ANY OBJECTIONS TO THE SALE AND/OR PLAN CONFIRMATION** must be stated in writing and must state with particularity the grounds for the objection and why the sale of the Purchased Assets should not be authorized or why the Chapter 11 Plan should not be confirmed, and must be filed with the Bankruptcy Court on or before **_____, 2011** by 4:30 p.m. (prevailing Eastern Time) (the "Objection Deadline").[6] A copy of such objection shall be filed with the Bankruptcy Court and served upon each of the following parties so as to be actually received by the Objection Deadline: (i) bankruptcy counsel for the Debtor, [NAME AND ADDRESS] Attn.: _____; Fax: _____, Email: _____; (ii) counsel to the office of the United States Trustee, [NAME AND ADDRESS] Attn.: _____, Fax: _____, Email: _____; and (iii) counsel for the Buyer, Riemer & Braunstein LLP, three Center Plaza, Boston, MA 02108, Attn.: _____; Fax: (617) 880-3456, Email: _____@riemerlaw.com.

Any non-debtor party or entity with an interest in the Purchased Assets that does not object to the sale as contemplated under the Asset Purchase Agreement in accordance with this

---

(ii)     employment contracts, accrued wages, salary or vacation pay, or unemployment compensation or severance pay to any present or former employee of the Debtor, any obligation to hire or otherwise employ any employees of the Debtor whether under any union agreements or otherwise, or obligations under any other employee benefit plan maintained by or for which the Debtor is obligated or bound including, without limitation, those based upon length of service with the Debtor or any and all other obligations owed to the former or present employees of the Debtor or any liabilities under the WARN Acts or similar statutes and regulations; and

(iii)     any and all liabilities and obligations under any Environmental Law; and

(iv)     any claims based on or asserting that the Buyer is a successor in interest to the Debtor.

[6][**Note**: Notice of sale requires at least 21 days under Bankruptcy Rule 2002(a)(2); Rule 2002(b) requires at least 28 days for objection deadline and hearing for disclosure statement/plan confirmation].

notice shall be deemed to have given the consent contemplated by Bankruptcy Code section 363(f), as and to the extent applicable, to the sale of the Purchased Assets pursuant to the Asset Purchase Agreement.

      **PLEASE TAKE FURTHER NOTICE** that a hearing (the "<u>Sale and Plan Confirmation Hearing</u>") will be held before the Honorable Stuart M. Bernstein of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY ***on _____ _____, 2011*** , at \_\_\_\_\_ .m. (prevailing Eastern time), or at such other date as the Court may designate, to consider, among other things, confirmation of the Chapter 11 Plan and approval of the sale of the Purchased Assets.  Any party who has filed an objection to the confirmation of the Chapter 11 Plan or proposed sale of the Purchased Assets is expected to be present at the hearing, failing which the objection will be overruled.

      **PLEASE TAKE FURTHER NOTICE** that copies of the Chapter 11 Plan may be obtained from the Office of the Clerk of the Bankruptcy Court, through the Bankruptcy Court's website, or, at no cost, by making a written request to undersigned counsel to the Debtor.

                            ROCKWOOD REAL ESTATE ADVISORS LLC

                            By its counsel,

                            /s/_____
                            [TO INSERT]

DATED: _____, 2011

1283246.4

# EXHIBIT B
## (Assignment Notice)

1293917.5

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

ROCKWOOD REAL ESTATE ADVISORS
LLC

f/k/a DTZ Rockwood LLC

                    Debtor.

Case No. 09-13566-SMB

Chapter 11

## NOTICE OF PROPOSED ASSUMPTION AND/OR
## ASSIGNMENT OF EXECUTORY CONTRACTS

       PLEASE TAKE NOTICE that on _____, 2011, Rockwood Real Estate Advisors
LLC (the "Debtor) filed the Amended Plan of Reorganization, dated March_____, 2011 (the
"Chapter 11 Plan")[1] under which the Debtor seeks an Order (the "Sale and Confirmation
Order"), among other things, (A) confirming the Chapter 11 Plan; and (B) authorizing and
approving  (i) the Asset Purchase Agreement, dated as of March __, 2011 (the "Asset Purchase
Agreement") between  the Debtor and Rockwood-CWFS LLC (the "Buyer"), (ii) the sale of
substantially all assets of the  Debtor, as set forth in the Asset Purchase Agreement, free and
clear of all liens, claims, encumbrances and other interests, and (iii) the assumption and/or
assignment of certain executory contracts and unexpired leases within the meaning of Section
365 of the Bankruptcy Code (the "Executory Contracts"). The Chapter 11 Plan and the Asset
Purchase Agreement are on file with the Bankruptcy Court and are available upon request from
the undersigned.

       PLEASE TAKE FURTHER NOTICE that, pursuant to 11 U.S.C. § 365, Fed. R. Bankr.
P. 6006, and Local Bankruptcy Rule 6006-1, in connection with the Asset Purchase Agreement
and the Chapter 11 Plan, the Debtor hereby provides notice of its intent to assume (if applicable)
and assign to the Buyer the Executory Contracts identified on *Exhibit A* attached hereto (the
"Proposed Assigned Contracts")[2] in accordance with the terms of the Asset Purchase Agreement
and the Sale and Confirmation Order. Pursuant to the Asset Purchase Agreement, the Debtor
shall pay any cure costs associated with the Proposed Assigned Contracts, which are to be
assumed (if applicable) and assigned as a condition of the closing of the transactions under the
Asset Purchase Agreement. [The Debtor hereby reserves its rights to challenge whether the
Proposed Assigned Contracts are "true leases" or "executory" in nature under Section 365 of the
Bankruptcy Code.] To the extent a Proposed Assigned Contract is not an executory contract
within the meaning of Section 365 of the Bankruptcy Code, the Debtor's interest in such
Proposed Assigned Contract is nevertheless transferable to the Buyer as an asset of the Debtor
pursuant to Section 363 of the Bankruptcy Code.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Chapter 11 Plan.

[2] [to be from Schedule 2.1(a) of the APA]

PLEASE TAKE FURTHER NOTICE that, pursuant to the Asset Purchase Agreement, the Debtor will pay all cure amounts, if any, related to the assumption and/or assignment of the Proposed Assigned Contracts.  The Buyer has sufficient assets to continue performance thereunder. To the extent necessary and requested by the Bankruptcy Court, at the Sale and Confirmation Hearing (as defined below), the Buyer will demonstrate to the satisfaction of the Bankruptcy Court that adequate assurance of future performance is present by the promise to perform the obligations of the Proposed Assigned Contracts from and after the closing date.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the proposed assumption and/or assignment of any Proposed Assigned Contract to the Buyer, or to the validity of the cure amount determined by the Debtor, as set forth on Exhibit A hereto, or to otherwise assert that any amounts, defaults, conditions, or pecuniary losses must be cured or satisfied under any of the Proposed Assigned Contracts (including accrued but not yet due obligations), in order for such contract to be assumed and/or assigned (a "Cure Objection") must be made in writing, filed with Clerk, United States Bankruptcy Court, [ADDRESS] and must be served at least [_____] days before the Sale and Plan Confirmation Hearing (as defined below) by 4:30 p.m. (prevailing Eastern Time) (the " Objection Deadline").[3]  A copy of such Cure Objection shall be filed with the Bankruptcy Court and served upon each of the following parties so as to be actually received by the Objection Deadline: (i) bankruptcy counsel for the Debtor, [NAME AND ADDRESS] Attn.: _____; Fax: _____, Email: _____;  (ii) counsel to the office of the United States Trustee, [NAME AND ADDRESS] Attn.: _____,  Fax: _____,  Email: _____;  and (iii) counsel for the Buyer, Riemer & Braunstein LLP,  three Center Plaza, Boston, MA 02108, Attn.: _____; Fax: (617) 880-3456, Email: _____@riemerlaw.com.

 All Cure Objections must set forth with specificity any and all cure obligations or conditions which such party asserts must be cured or satisfied with respect to such assigned contract. Cure Objections shall set forth the cure amount that the objector asserts is due, the specific types and dates of the alleged defaults, pecuniary losses and conditions to assignment and the support therefor and all other objections to assumption and assignment.

PLEASE TAKE FURTHER NOTICE that unless a Cure Objection is filed and served by a party to or interested in a Proposed Assigned Contract by the Objection Deadline, all interested parties who have received actual notice of the proposed assumption and assignment of such contract shall be deemed to have waived and released any right to assert a Cure Objection and to have otherwise consented to the assignment, and shall be forever barred and estopped from asserting or claiming against the Debtor or the Buyer that additional amounts are due or defaults exist or conditions to assignment must be satisfied under the Proposed Assigned Contract for the period prior to closing of the sale transaction under the Asset Purchase Agreement.

PLEASE TAKE FURTHER NOTICE that any objection not filed and served in compliance with this notice shall be overruled, and any non-debtor party to any Proposed

---

[3] [**Note**: See Bankruptcy Rule 6006, Local Rule 6006-1 (minimum 14-day notice), and General Order M-383, section I.C. for notice and other requirements.]

Assigned Contract that does not object to the assumption and/or assignment of such Proposed Assigned Contract in accordance with this notice shall be deemed to have given the consent contemplated by Bankruptcy Code section 365, as and to the extent applicable, to the assumption and/or assignment of such Proposed Assigned Contract pursuant to the Asset Purchase Agreement.

PLEASE TAKE FURTHER NOTICE that the hearing with respect to Cure Objections, if any, and assumption and/or assignment of the Proposed Assigned Contracts will be held in connection with the sale and confirmation hearing before the Honorable Stuart M. Bernstein of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY **on _____ \_\_\_\_\_, 2011** , at \_\_\_\_\_ .m. (prevailing Eastern time), or at such other date as the Court may designate (the "Sale and Confirmation Hearing").

PLEASE TAKE FURTHER NOTICE that upon assignment, the Proposed Assigned Contracts shall be transferred to, and remain in full force and effect for the benefit of, the assignee, in accordance with their respective terms, notwithstanding any provision in such Proposed Assigned Contract which prohibits, restricts or conditions such assignment or transfer. Upon assignment, the assignee is assuming all liabilities arising under the Proposed Assigned Contract first arising on or after the effective date of assignment, and the Debtor and its estate shall be relieved from any liability for any breach of any Proposed Assigned Contract first arising after such assignment to and assumption by the assignee on such date.

### Notice Pursuant to Bankruptcy Rule 6006(f)[4]

**Contract parties receiving a copy of this Notice should locate their names and their contracts or leases listed on Exhibit A attached hereto to determine (i) if their contracts or leases with the Debtor are subject to assumption and/or assignment, and (ii) the cure amount, if any. Information as to the identity of the assignee and adequate assurance of future performance by such assignee shall be as set forth herein and in the Chapter 11 Plan.**

ROCKWOOD REAL ESTATE ADVISORS LLC

By its counsel,

 /s/
[NAME]

DATED: _____ \_\_\_\_\_, 2011

---

[4] [Contract parties to be listed in alphabetical order]

## <u>EXHIBIT A</u>
### <u>(Cure Costs for Proposed Assigned Contracts)</u>

***Executory Contracts Already Assumed to be Assigned***

| *Contract/ Agreement* | *Prepetition Amount Due* | *Post Petition Amount Due* | *Total Cure Cost Amount* |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

***Executory Contracts To be Assumed and Assigned***

| *Contract/ Agreement* | *Prepetition Amount Due* | *Post Petition Amount Due* | *Total Cure Cost Amount* |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

1283874.4