UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re                                                          Chapter 11

DTZ ROCKWOOD LLC,                      Case No. 09-13566 (SMB)

                  Debtor.

------------------------------------------------------------X


**ORDER (1) APPROVING BIDDING AND AUCTION PROCEDURES AND BREAK-UP FEE IN CONNECTION WITH PROPOSED SALE; (2) FIXING DATE OF FINAL HEARING ON DEBTOR'S MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105, 363 AND 365 (A) AUTHORIZING THE DEBTOR TO SELL SUBSTANTIALLY ALL OF ITS ASSETS RELATED TO ITS BUSINESS AND (B) APPROVING THE RELATED ASSIGNMENT OF EXECUTORY CONTRACTS AND LEASES; AND (3) PRESCRIBING NOTICE THEREOF**

Upon the Motion of DTZ Rockwood LLC (the "**Debtor**") for Orders (A) Authorizing and Scheduling an Auction to Solicit Bids for the Sale of Substantially All Assets Related to the Debtor's Business Free and Clear of Liens, Interests and Encumbrances; (B) Approving Bidding Procedures and Certain Fee Protections; (C) Approving Asset Purchase Agreement or Subsequent Overbid; (D) Scheduling a Hearing to Consider Approval of the Sale; (E) Establishing Procedures for Determination of Cure Amounts and for Approval of Assumption and Assignment of Executory Contracts and Unexpired Leases Pursuant to the Sale; and (F) Establishing the Form and Manner of Notices Related Thereto, dated April 6, 2011 (with the exhibits thereto, the "**Sale Motion**");[1] and the Sale Motion requesting, among other things, that this Court (a) authorize and schedule an auction (the "**Auction**") to sell substantially all assets of the Debtor free and clear of all liens, claims, encumbrances, and other interests (the "**Sale**")

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Sale Motion.

1

pursuant to the terms of a certain Asset Purchase Agreement, dated as of March 18, 2011, as amended on April 6, 2011 and thereafter (as amended, the "**Purchase Agreement**") between the Debtor and Rockwood-CWFS LLC ("**CWFS**"); (b) authorize and approve the sale and bidding procedures to be employed in connection with the proposed Sale and the Auction, as set forth in the Purchase Agreement and attached hereto as Exhibit 1 (the "**Bidding Procedures**"); (c) authorizing and approving a certain termination fee and Break-Up Fee (as defined below); (d) establishing a deadline and procedures to determine cure amounts related to and otherwise approve the assumption and/or assignment of the executory contracts and unexpired leases to be assumed (to the extent not previously assumed) and assigned by the Debtor to CWFS pursuant to the Sale (the "**Assigned Contracts**"); (e) approving the form and manner of notices of the Sale, the Auction, the Bidding Procedures, and the deadline and procedures relating to the Assigned Contracts; and (f) scheduling a final hearing to consider approval of the Sale (the "**Sale Hearing**"); and the Court having reviewed pleadings filed by counsel to the Debtor; no objection having been filed; a hearing having been held on April 14, 2011; and there being due and sufficient notice of the interim relief requested in the Sale Motion and the hearing thereon; and after due deliberation, due and sufficient cause and good business reasons appearing for the relief granted herein, IT IS HEREBY FOUND AND CONCLUDED that:

   A.  The Debtor has given due and proper notice of the Sale Motion and hearing on the sale and bidding procedures portion of the Sale Motion. The notice of and opportunity to be heard with respect to the initial hearing on the Sale Motion was proper, timely, adequate, and sufficient and meets the requirements of the Bankruptcy Code and Bankruptcy Rules, is reasonably calculated to give actual notice of the relief contemplated hereby, is appropriate under the circumstances, and no further notice is required. A reasonable opportunity to object or be

heard regarding the relief granted by this Order has been afforded to those parties entitled to notice.

B.  The Sale Notice attached hereto as <u>Exhibit A</u> (the "**Sale Notice**") is reasonably calculated to provide all interested parties with timely and proper notice of the proposed Sale, including, without limitation: (i) the date, time and place of the Auction (if one is held); (ii) the Bidding Procedures and the dates and deadlines related thereto; (iii) the objection deadline for the Sale and the date, time, and place of the Sale Hearing; (iv) reasonably specific identification of the Assets; and (v) representations describing the Sale as being free and clear of liens, claims, encumbrances and other interests, with all such liens, claims, encumbrances and other interests attaching with the same validity and priority to the sale proceeds.

C.  The notice of assumption and/or assignment of the contracts and leases attached hereto as <u>Exhibit B</u> (the "**Assignment Notice**") is reasonably calculated to provide counterparties to the Assigned Contracts with proper notice of the proposed assumption and assignment of such contracts and leases by the Debtor to CWFS pursuant to the Purchase Agreement, the proposed cure amounts related thereto, if any, and the right, procedures and deadlines for objecting thereto.

D.  The approval of the Bidding Procedures is in the best interest of the Debtor, its estate, its creditors, and other parties in interest.  The Debtor's determination to propose and to agree to such provisions is within the reasonable business judgment of the Debtor.  The Bidding Procedures, including the Fee Protections, are fair and reasonable and reasonably calculated to enhance the process of competitive bidding to maximize recovery with respect to the Debtor's assets and are beneficial to the estate of the Debtor and all interested parties.

E. Without the Break-Up Fee (as defined below), CWFS would not have entered into the Purchase Agreement with the Debtor, and the Break-Up Fee constitutes a critical component in CWFS' decision to proceed under the Purchase Agreement.

F. CWFS is entitled to the full protections afforded good faith purchasers under section 363(m) of the Bankruptcy Code.

WHEREUPON, IT IS HEREBY ORDERED THAT:

### Sale and Bidding Procedures; Auction

1. The interim relief sought in the Sale Motion is granted as provided herein.

2. The Bidding Procedures annexed hereto as Exhibit 1 and incorporated by reference as though fully set forth herein shall be, and hereby are, approved. The requirements for submitting counteroffers or bids are set forth in such Bidding Procedures.

3. The Auction shall be conducted by the Debtor and its professionals as set forth in the Bidding Procedures, and shall be held at United States Bankruptcy Court, One Bowling Green, Courtroom 723, New York, New York 10004 on **SMB 4/15/11    April 28, 2011 at 10:00 a.m.   9:30 a.m**., New York City time.

4. If bidding occurs at the Auction, the successful bidder (other than CWFS) shall, prior to the termination of the Auction, execute and deliver to the Debtor its asset purchase agreement, and other related documents as set forth in the Bidding Procedures. The successful bidder (including CWFS) shall use its best efforts to demonstrate to the satisfaction of the Debtor and the Court at the Sale Hearing its ability to (i) satisfy all requirements of its asset purchase agreement for purchase of the Assets and assumption and assignment of the agreements to be assumed and assigned pursuant to such asset purchase agreement, including, but not limited to, establishing "adequate assurance of future performance" with respect to such agreements; and

(ii) prove its status, by admissible evidence, as a good faith purchaser pursuant to 11 U.S.C. § 363(m) in connection with the Sale.

5. The closing by the successful bidder shall occur on or before five business days of the Sale Hearing at the offices of Cuevas & Greenwald, P.C., 475 Park Avenue South, New York, New York 10016, subject to agreed extension for cause shown to the Court; <u>provided that</u> the closing with respect to CWFS shall be as set forth in the Purchase Agreement.

6. If the successful bidder is unable to close on or before 10 days after the Sale Hearing, or as set forth in the Purchase Agreement with respect to CWFS, the Debtor, in its discretion, is authorized to accept the bid of the next highest bidder.

7. Nothing in the Bidding Procedures shall be permitted to cause the Debtor to derogate its fiduciary duties to the estate.

**Assumption and Assignment of Executory Contract and Unexpired Leases and Related Notice**

8. The Assignment Notice, as such notice may be amended appropriately to conform with the provisions of this Order, shall be, and hereby is, approved.

9. The Debtor shall file with the Court and serve the Assignment Notice on all non-debtor counterparties to any executory contract or unexpired lease that may be assumed by the Debtor and assigned to CWFS, in each case by overnight mail or by electronic mail in pdf format on or before April 15, 2011. As soon as practicable after the selection or designation of the successful bid, to the extent CWFS is not the successful bidder, the Debtor shall file with the Court and serve on the contract notice parties a further notice identifying the sussessful bidder and stating which executory contracts and unexpired leases will be transferred to the successful bidder as Assigned Contracts.

10. Objections, if any, to the assumption and/or assignment of any contract or lease, proposed cure amount or adequate assurance of future performance proposed with respect thereto must be filed with the Court and served upon the Notice Parties (as defined below) on or before the Objection Deadline (as defined below).

**Sale Hearing and Related Notice**

11. The Sale Notice, as such notice may be amended appropriately to conform with the provisions of this Order, shall be, and hereby is, approved.

12. The Debtor shall file the Sale Notice and any further amendment to the Purchase Agreement with the Court. The Debtor shall serve the Sale Notice, this Order, and any further amendment to the Purchase Agreement upon: (i) all secured creditors; (ii) all other creditors of the Debtor; (iii) all parties that have filed a notice of appearance; (iv) all non-debtor parties to the Debtor's executory contracts and unexpired leases; (v) all parties that have expressed an interest in purchasing the Debtor's assets; (vi) the Office of the United States Trustee; and (vii) applicable federal and state taxing authorities, in each case by overnight mail or electronic mail in pdf format on or before April 15, 2011.

13. The Sale Hearing will be held at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom 723, New York, New York 10004 on **April 28, 2011 at 10:00 a.m**, New York City time, or as soon thereafter as counsel may be heard.

14. Objections, if any, to the Sale must be filed with this Court and served on (a) counsel for the Debtor, Carlos Cuevas, Esq., Cuevas & Greenwald, P.C.,1250 Central Park Avenue Yonkers, New York 10704, (b) the Office of the United States Trustee, 33 Whitehall Street, New York, New York 10004, attn: Richard Morrissey, Esq., and (c) counsel for the

Buyer, Donald E. Rothman, Riemer & Braunstein LLP, Three Center Plaza, Boston, Massachusetts 02108, with a courtesy copy delivered to Chambers (the "**Notice Parties**"), in each case so as to be received at least *three days* before the date of the Sale Hearing (the "**Objection Deadline**").

**Fee Protections**

15. The Break-Up Fee (as defined below) is hereby approved.

16. In the event CWFS is not the successful bidder, as set forth in the Purchase Agreement and the Sale Motion, the Debtor shall pay to CWFS in cash, immediately following, and from the proceeds of, the closing of such Alternative Transaction a break-up fee of $250,000.00, as partial reimbursement of CWFS' reasonable, actual out-of-pocket fees and expenses, including reasonable attorneys' fees and expenses of other consultants, incurred in connection with the transactions contemplated by the Purchase Agreement (the "**Break-Up Fee**").

17. The Break-Up Fee, when earned, (i) shall be deemed allowed and paid as an administrative expense of the Debtor, including pursuant to sections 503(b) **SMB 4/15/11 and** 507(a)(2) ~~and 507(b)~~ of the Bankruptcy Code; and (ii) shall be secured by a perfected lien on the proceeds of an Alternative Transaction, that is junior only to Signature Bank and superior to secured liens of Messrs. John Magee and Daniel McNulty. The Break-Up Fee, if applicable, shall be set aside from the sale proceeds of the Alternative Transaction, at closing, pending payment of such amount to CWFS.

18. CWFS shall not be deemed to waive the Break-Up Fee by rebidding. In the event CWFS bids at the Auction, CWFS will receive a "credit" in an amount equal to the amount of the Break-Up Fee as set forth in the Purchase Agreement.

**Other Matters**

19. The service as ordered and directed herein shall be deemed good and sufficient notice of this Order, the Sale Hearing and all proceedings to be held thereon. No other or further notice need be given.

20. Without the written consent of CWFS, the Bidding Procedures shall not be modified by the Debtor. CWFS shall have standing and the right to enforce the Bidding Procedures without the necessity of demonstrating the inadequacy of a legal remedy.

21. The Court has and will retain jurisdiction to enforce this Order according to its terms.

Dated: New York, New York
      April 15, 2011

                                         **/s/ STUART M. BERNSTEIN**
                                            United States Bankruptcy Judge

# EXHIBIT 1
(Sale and Bidding Procedures)

EXHIBIT A
(Sale Notice)

EXHIBIT B
(Assignment Notice)

1297666.4