# CUEVAS & GREENWALD, P.C.
*Attorneys*

at 475 Park Avenue South - 26th Floor
New York, New York 10016
Tel: 212-983-1922   Fax: 212-983-1965
e-mail: grimlawyers@aol.com

W. M. Greenwald

*Via* ECF Filing and                                                                    April 26, 2011
BY HAND

Hon. Stuart M. Bernstein
United States Bankruptcy Judge
Southern District of New York
1 Bowling Green
New York, New York 10004

Re:   **<u>In re DTZ Rockwood</u> <u>Chapter 11 Case No. 09-13566 (SMB)</u>**

Honorable Sir:

In anticipation of this week's conference in this case, this letter discusses expediting confirmation of the Debtor's anticipated Second Plan of Reorganization through a consolidated hearing on the disclosure statement with the plan of reorganization's confirmation hearing ("Consolidated Hearing"), *See*, 11 U.S.C. § 1125(f)(3).

Bankruptcy Code Section 105(d)(2)(B)(vi) provides:

> (d) The court, on its own motion or on the request of a party in interest--
>
> > (2)   unless inconsistent with another provision of this title or with applicable Federal Rules of Bankruptcy Procedure, issue an order at any such conference prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically, including an order that– . . . .
> >
> > > (B)   in a case under chapter 11 of this title–. . .
> > >
> > > > (vi)   provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan.

The Debtor found no decisions implementing this authority. However, doubtless,

Congress would not have granted this authority if it was not to be exercised. *e.g. De Letelier v. Republic of Chile,* 748 F.2d 790 (2nd Cir. 1984)(Congress would not create a right without a remedy. ) *Director, Office of Workers' Compensation Programs, U. S. Dept. of Labor v. Forsyth Energy, Inc.*, 666 F.2d 1104, 1109 (Congress would not intend a purposeless result.) *ABB Indus. Systems, Inc. v. Prime Technology, Inc.*, 120 F.3d 351, 358 (2nd Cir. 1997)(Congress would not intentionally create a useless defense.).

Fed.R.Bankr.P. 1001 mandates that the Rules be "construed to secure the just, speedy, and inexpensive determination of every case and proceeding,"  This Court can exercise its authority under 11 U.S.C. § 105 to maintain judicial economy, *Patrick v. Dell Financial Services*, 366 B.R. 378, 388 (M.D.Pa. 2007).

Fed.R.Bankr.P. 9006 ( c ) and 9007[1] authorizes this Court to abridge time periods and notice in the chapter 11 confirmation process. *See*, *In re Gulf Coast Oil Corp.*, 404 B.R. 407, 425 (Bankr..S.D.Tex ,2009). *In re Florida Coastal Airlines, Inc.*, 361 B.R. 286, 292 (Bankr. S.D.Fla. 2007).

Cause exists to have a Consolidated Hearing on the Second Plan of Reorganization in this case.  This is not now an overly complex case nor plan of reorganization. The Debtor previously circulated and gained approval of the disclosure statement for its prior plan of reorganization. That plan was accepted by the Debtor's creditors.

The Debtor's new plan is based of the sale of substantially all of its assets.  The creditor body received full disclosure of the sale.  Other than describing the events which resulted in the asset sale and new liquidating plan, the new disclosure statement will not provide surprisingly new facts or considerations.  Not having Consolidated Hearing will needlessly subject the Debtor's estate to the expense of several mailings to culminate in confirming the only plan of reorganization possible for this Debtor.  Having a Consolidated Hearing on the second plan of reorganization in this case will preserve the estate's assets for its general unsecured creditors.

A consolidated hearing will expedite payments to creditors at a reduced cost.  It is doubtful that any creditor will become active in this case for a separate hearing on the disclosure statement's adequacy.  In this case, separate hearings on the disclosure statement's adequacy and confirmation will be a needless waste of time and resources.

Accordingly, the Debtor asks that this Court conduct a Consolidated Hearing on the

---

[1] ". . . .When feasible, the court may order any notices under these rules to be combined"

Debtor's Second Plan of Reorganization and its disclosure statement.

    Thank you for your consideration.

                                      Respectfully

                                      /s/ Wayne M. Greenwald

                                      Wayne M. Greenwald

WG/ms