UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re                                          Chapter 11

DTZ ROCKWOOD LLC,                             Case No. 09-13566 (SMB)

                Debtor.

-----------------------------------------------------------X

### ORDER (I) APPROVING AND AUTHORIZING SALE OF SUBSTANTIALLY ALL ASSETS OF THE DEBTOR FREE AND CLEAR OF ANY AND ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF

Upon the Motion of DTZ Rockwood LLC (the "**Debtor**") for Orders (A) Authorizing and Scheduling an Auction to Solicit Bids for the Sale of Substantially All Assets Related to the Debtor's Business Free and Clear of Liens, Interests and Encumbrances; (B) Approving Bidding Procedures and Certain Fee Protections; (C) Approving Asset Purchase Agreement or Subsequent Overbid; (D) Scheduling a Hearing to Consider Approval of the Sale; (E) Establishing Procedures for Determination of Cure Amounts and for Approval of Assumption and Assignment of Executory Contracts and Unexpired Leases Pursuant to the Sale; and (F) Establishing the Form and Manner of Notices Related Thereto, dated April 6, 2011 (with the exhibits thereto, the "**Sale Motion**");[1] pursuant to which the Debtor seeks entry of an Order (the "**Sale Order**"), among other things, authorizing and approving  (i) the Asset Purchase Agreement, dated as of March 18, 2011, as amended on April 6, 2011 and April 14, 2011, a copy of which is attached hereto as _Exhibit A_ (as amended, the "**Asset Purchase Agreement**")

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Sale Motion.

between Rockwood Real Estate Advisors LLC, [2] as seller, and Rockwood-CWFS LLC (the

"**Purchaser**"), (ii) the sale of substantially all assets of the Debtor, as set forth in the Asset

Purchase Agreement (the "**Purchased Assets**"), free and clear of all Liens (as defined in the

Asset Purchase Agreement), claims, encumbrances and other interests (collectively, the

"**Encumbrances**"), and (iii) the assumption (to the extent not already assumed pursuant to prior

order(s) of the Court) and assignment of certain executory contracts and unexpired leases

pursuant to sections 363 and 365 of the Bankruptcy Code, including as set forth in _Exhibit B_

attached hereto (the "**Assigned Contracts**"); and this Court having determined that the entry of

the Sale Order is in the best interests of the Debtor, its estate, its creditors, and other parties-in-

interest; and good and sufficient cause appearing therefor; and adequate notice having been

given; and it appearing that no other notice need be given; and this Court having reviewed and

considered the Sale Motion and relief requested therein; a hearing having been held on April 28,

2011; any filed objections having been resolved, withdrawn, or overruled as moot or otherwise;

after due deliberation; there being sufficient cause, THE COURT FINDS AND CONCLUDES

THAT:

      A.   ~~Exclusive~~ **SMB 5/3/11** Jurisdiction; Venue; Core Proceeding. This Court has

jurisdiction over this Chapter 11 case pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper

pursuant to 28 U.S.C. §§ 1498 and 1409. Entry of the Sale Order is a core proceeding under 28

U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

      B.   <u>Best Interest of the Estate</u>. **SMB 5/3/11** ~~Under all the circumstances presented,~~

         ~~(i) consummation of all acts contemplated in the Sale Motion and this Order; (ii) all~~

         ~~actions contemplated in the Asset Purchase Agreement; (iii)~~ The transfer of the

---

[2] In May 2010, the Debtor filed a motion seeking authority to change its name to Rockwood Real Estate Advisors LLC and to change the case caption. On information and belief, the Court granted that motion; however no order

Purchased Assets by the Debtor to Purchaser; (iv) the assumption and assignment to Purchaser of the Assigned Contracts; and (v) the receipt by the Debtor of the purchase price are in the best interests of the Debtor, its estate, **and** creditors. ~~and all other parties in interest in this case.~~

C.     <u>Sound Business Judgment</u>.     Proper, sufficient, and sound business reasons and other good cause for the entry of this Order have been shown, including with respect to the sale of the Purchased Assets to the Purchaser and assumption and assignment of the Assigned Contracts pursuant to the terms and conditions of the Asset Purchase Agreement.

D.     ~~No Stay.~~ ~~In order to maximize the value of the Debtor's assets, it is essential that the sale of the Purchased Assets occurs within the time constraints set forth in the Asset Purchase Agreement. Accordingly, the Court finds that there is cause to waive and/or vacate the stays imposed by Bankruptcy Rules 6004(h) and 6006(d), and such stays are hereby vacated and shall have no application to the relief afforded by this Order.~~ **SMB 5/3/11**

<u>**Sale of Purchased Assets**</u>

E.     <u>Sale Notice</u>.  The Debtor has given due and proper notice of the proposed sale of the Purchased Assets to all parties required to receive notice.  A reasonable opportunity to object or be heard with respect to the transactions contemplated under the Asset Purchase Agreement has been afforded to all interested parties and entities in accordance with the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 9014, and applicable Local Bankruptcy Rules (including section II.C.1 of General Order M383 of this Court).

F.     <u>Fair Consideration</u>. The consideration provided by the Purchaser for the Purchased Assets pursuant to the Asset Purchase Agreement  **SMB 5/3/11_**  ~~(i)~~ is the highest and best offer for the Purchased Assets under the circumstances, **and** ~~(ii)~~ is fair and reasonable.

---

has  been entered on the docket in this case.

3

**SMB 5/3/11** ~~and (iii) constitutes  reasonably equivalent value and fair consideration under the Bankruptcy Code and any applicable nonbankruptcy laws.  The terms and conditions of the Asset Purchase Agreement are also fair and reasonable~~.

G.     <u>Good Faith</u>.  The Asset Purchase Agreement was offered in good faith, from arm's-length bargaining positions without collusion or fraud, by the parties. Purchaser has acted in good faith in this matter and is a good faith purchaser as that term is used in the Bankruptcy Code and is, accordingly, entitled to the protections set forth in section 363(m) of the Bankruptcy Code. Neither the Debtor nor the Purchaser has engaged in any conduct that would cause or permit the Asset Purchase Agreement or the transactions contemplated thereby to be avoided or avoidable, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code. Purchaser is not an "insider" or "affiliate" of the Debtor (as such terms are defined in the Bankruptcy Code).

H.     <u>Sale Free and Clear; Consent Under Section 363</u>.  As a condition to the sale, the Purchaser requires that the Purchased Assets must be sold free and clear of any Encumbrance as set forth in section 363(f) of the Bankruptcy Code.  With respect to any and all Persons (as that term is defined in section 101(41) of the Bankruptcy Code), Governmental Units (as that term is defined in section 101(27) of the Bankruptcy Code), or other entities asserting any Encumbrance against the Purchased Assets (collectively, the "**Encumbrance Parties**"), (i) applicable non-bankruptcy law permits sale of such property free and clear of such Encumbrance; (ii) each of the Encumbrance Parties have consented to the sale and transfer, license, and assignment, as applicable, free and clear of its Encumbrance, with such Encumbrance to attach to the sale proceeds; or (iii) the Encumbrance Parties could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such Encumbrance so that the conditions of

section 363(f) of the Bankruptcy Code have been satisfied.  **SMB 5/3/11**  ~~The Encumbrance Parties who did not object or who withdrew their objections to the entry of the Sale Order are deemed to have consented to the transactions under the Asset Purchase Agreement pursuant to section 363(f)(2) of the Bankruptcy Code.  The Encumbrance Parties who did object fall within one or more of the subsections of section 363(f) of the Bankruptcy Code. The Purchaser would not enter into the Asset Purchase Agreement or consummate the sale if the sale were not to be free and clear of all Encumbrances.~~

   I. <u>Successor Liability</u>.  **SMB 5/3/11**  The closing and the consummation of the transactions contemplated by the Asset Purchase Agreement shall not subject the Purchaser to any liability whatsoever with respect to  **any "claim" (as defined in the Bankruptcy Code) that arose prior to the closing.**  ~~the prepetition or post-petition operation of the business of the Debtor in any form or manner whatsoever, including, without limitation, by reason of any theory of successor or transferee liability, whether known or unknown, contingent or liquidated, or arising under principles of tort, contract, common law, or otherwise, and whether asserted or unasserted as of the closing of the transactions contemplated by the Asset Purchase Agreement.~~ The  **consummation of**  ~~transactions contemplated by~~ the Asset Purchase Agreement **does** not amount to a consolidation, merger, or *de facto* merger of the Purchaser and the Debtor and/or the Debtor's estate.   There is no substantial continuity between the Purchaser and the Debtor, ~~there is no~~  **or** continuity of enterprise between the Debtor and the Purchaser **as a result of the consummation of the Asset Purchase Agreement.**    ~~the Purchaser is not a mere continuation of the Debtor or the Debtor's estate, and~~  The Purchaser **is** ~~does~~ not ~~constitute~~ a successor to the Debtor or the Debtor's estate **as a result of the consummation of the Asset Purchase**

**Agreement.**   The Purchaser would not enter into the Asset Purchase Agreement or consummate the sale if the sale were not to be free and clear of all such "successor liability".

J.        <u>Consummation of Transactions</u>. Upon entry of this Sale Order, the Debtor has full corporate power and authority to execute and deliver the Asset Purchase Agreement and all other agreements, instruments and other documents contemplated thereby to which the Debtor is a party (the "**Transaction Documents**").  The transfer of each of the Purchased Assets to the Purchaser will be as of the closing date a legal, valid, and effective transfer of such Purchased Assets, and shall vest the Purchaser with all   **SMB 5/3/11    of the Debtor's**  right and title ~~to~~ **in** the Purchased Assets.

K.        ~~Time is of the Essence. The Asset Purchase Agreement must be approved promptly in order to preserve the value of the Purchased Assets~~.  **SMB 5/3/11**

**Assumption and Assignment of Assigned Contracts**

L.        <u>Assumption and Assignment Notice</u>.  The Debtor has given due and proper notice of the assumption and/or assignment of the Assigned Contracts to all parties required to receive notice.  All deadlines for filing Cure Objections (as defined below) has been given in accordance with the Bankruptcy Code, Bankruptcy Rule 6006, and applicable Local Bankruptcy Rules.

M.        <u>Cure Costs; Adequate Assurance</u>.      As set forth herein, all defaults (other than defaults of the types specified in section 365(b)(2) of the Bankruptcy Code) under the Assigned Contracts will be cured by the Debtor and all cure amounts will be paid by the Debtor at or prior to the closing date. Therefore, no uncured default shall exist under the Assigned Contracts, nor shall there exist any event or condition which, with the passage of time or the giving of notice, or both, would constitute such a default under the Assigned Contracts. Upon assignment and sale to the Purchaser and consistent with the terms hereof, the Assigned Contracts shall be deemed valid

and binding, in full force and effect in accordance with their terms. Adequate assurance of Purchaser's future performance under said Assigned Contracts has been provided within the meaning of sections 365(b) and 365 (f)(2)(B) of the Bankruptcy Code.

N. ~~Consent Under Section 365. As set forth herein, any non-debtor party to any Assigned Contract that does not object to the assumption and assignment of such Assigned Contract shall be deemed to have given the consent contemplated by Bankruptcy Code section 365, as and to the extent applicable, to the assumption and assignment of such Assigned Contract pursuant to the Asset Purchase Agreement.~~ **SMB 5/3/11**

O. ~~Restrictive Provisions. Each and every provision of the Assigned Contracts or applicable non-bankruptcy law that purports to prohibit, restrict, or condition, or could be construed as prohibiting, restricting, or conditioning, assignment of any of the Assigned Contracts have been satisfied or are otherwise unenforceable under section 365 of the Bankruptcy Code.~~ **SMB 5/3/11**

P. <u>Assigned Contracts as Condition to Sale</u>. The assumption and assignment of the Assigned Contracts is conditioned upon the parties closing under the Asset Purchase Agreement, and the transfer of the Purchased Assets is conditioned upon the assumption and assignment of the Assigned Contracts pursuant to the Asset Purchase Agreement and this Order.

ACCORDINGLY, THE COURT HEREBY ORDERS THAT:

***Sale of Purchased Assets***

1. **SMB 5/3/11** The Asset Purchase Agreement and all Transaction Documents are hereby approved ~~in all respects~~; the sale of the Purchased Assets to the Purchaser ~~pursuant to the Sale Motion~~, as set forth in the Asset Purchase Agreement, is hereby authorized, pursuant to sections 363(b) and 363(f) of the Bankruptcy Code.

2.     The Debtor is hereby authorized   **SMB 5/3/11  to consummate the sale and take all further actions reasonably requested by the purchaser for the purpose of transferring the assets.**   ~~, empowered, directed and, upon entry of this Order, has all the power and authority necessary to:~~

~~a.     Fully perform under, consummate, implement, execute, and deliver the Asset Purchase Agreement and the Transaction Documents to which the Debtor is a party, to consummate the transactions contemplated by the Asset Purchase Agreement, and to take all other actions required to be taken pursuant to the Asset Purchase Agreement;~~

~~b.     Transfer the Purchased Assets to the Purchaser and to execute and deliver all the documents necessitated thereby, and to take any action necessary to effectuate the transfer of the Purchased Assets to Purchaser;~~

~~c.     Receive the consideration described in the Asset Purchase Agreement from Purchaser  and take any action necessary to effectuate the receipt of such consideration; and~~

d.     ~~Fully perform and take all action necessary to effectuate the Asset Purchase Agreement, the transactions contemplated thereby, and the obligations contemplated by this Order~~.

3.     The transfer of each of the Purchased Assets to the Purchaser will be as of the closing  date a legal, valid, and effective transfer of such Purchased Assets and shall vest the Purchaser with all **SMB 5/3/11   of the Debtor's**  right and title **in**  ~~to~~ the Purchased Assets. Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the Purchased Assets shall be transferred to Purchaser, and, on the closing date, the Purchased Assets shall be free and clear of any and all Encumbrances, including, without limitation, all claims, if any, arising from the operation or cessation of the Debtor's business, whether arising prior to or subsequent to the commencement of the Debtor's case under chapter 11 of the Bankruptcy Code (or any case under chapter 7 of the Bankruptcy Code that may result from the conversion of this chapter 11 case), and whether imposed by agreement, understanding, law, equity, or otherwise, which

Encumbrances, if any, shall attach to the sale proceeds with the same validity and priority as existed immediately prior to the sale.

4. If any Person or entity that has filed a financing statement or other documents or agreements evidencing an Encumbrance on the Purchased Assets shall not have delivered, in proper form for filing, termination statements, instruments of satisfaction, releases, and other documents to the Debtor prior to the closing of the sale, then the Debtor shall be and hereby is authorized to execute such termination statements, instruments of satisfaction, releases, and other documents on behalf of the Person or entity and to file the same with any appropriate registry or public filing office. Notwithstanding the foregoing, the provisions of this Order authorizing the sale and assignment of the Purchased Assets free and clear of Encumbrances shall be self-executing, and notwithstanding the failure of the Purchaser, the Debtor, or any other person or entity to execute, file, or obtain releases, termination statements, assignment consents, or other instruments to effectuate, consummate, and/or implement the provisions hereof or the Asset Purchase Agreement with respect to the sale of the Purchased Assets, all Encumbrances on the Purchased Assets shall be and hereby are deemed to be divested, terminated, cancelled, and released. The transactions contemplated by the Asset Purchase Agreement authorized herein shall be of full force and effect, regardless of the Debtor's lack of good standing in any jurisdiction in which it is formed or authorized to transact business. A certified copy of this Order may be filed with the appropriate clerk(s) and/or recorded with the recorder(s) which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of (i) the release of all Encumbrances in the Purchased Assets and (ii) the Purchaser's right and title to the Purchased Assets.

5.     The Encumbrance Parties are **SMB 5/3/11   permanently** ~~forever prohibited~~ and enjoined from commencing or continuing in any manner any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral, or other proceeding, against Purchaser (including its successors or assigns) or the Purchased Assets  with respect to any

(a) Encumbrance arising under, out of, in connection with or in any way relating to the Debtor, the Purchaser, the Purchased Assets, or the operation of the Purchased Assets prior to the closing of the sale, or (b) successor liability **SMB 5/3/11     to the extent set forth herein**  .  Without limiting the foregoing, the Encumbrance Parties are **SMB 5/3/11  permanently** ~~forever prohibited~~  and enjoined from **SMB 5/3/11    doing** the following **on account of a claim against the Debtor**: (i)  enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order against the Purchaser  (including its successors or assigns), or the Purchased Assets; (ii) creating, perfecting or enforcing any Encumbrance against the Purchaser  (including its successors or assigns) or the Purchased Assets; (iii) asserting any setoff, right of subrogation or recoupment of any kind against any obligation due the Purchaser (including its successors or assigns); **SMB 5/3/11**     ~~(iv) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Order or other orders of this Court, or the agreements or actions contemplated or taken in respect thereof; or~~ (v) revoking, terminating or failing or refusing to issue or renew any license, permit or authorization to operate any of the Purchased Assets or conduct the business operated with the Purchased Assets.

6.     **SMB 5/3/11**  ~~The Purchaser's acquisition of the Purchased Assets shall be free and clear of any "successor liability" pursuant to sections 105(a) and 363(f) of the Bankruptcy Code. The consummation of the Asset Purchase Agreement shall not subject the Purchaser to~~

any liability whatsoever with respect to the prepetition or postpetition operation of the business of the Debtor in any form or manner whatsoever, including, without limitation, by reason of any theory of successor or transferee liability, *de facto* merger, or substantial continuity, whether known or unknown, contingent or liquidated, or arising under principles of tort, contract, common law, or otherwise, and whether asserted or unasserted as of the closing of the transactions contemplated by the Asset Purchase Agreement. The Purchaser shall have no liabilities or obligations except as specifically set forth in the Asset Purchase Agreement.

7.      **SMB 5/3/11**    All interested parties (including the Encumbrance Parties) who did not object or who withdrew their objections to the sale of the Purchased Assets to the Purchaser are deemed to have consented to the transactions under the Asset Purchase Agreement pursuant to section 363(f)(2) of the Bankruptcy Code. The interested parties (including Encumbrance Parties) who did object fall within one or more of the subsections of section 363(f) of the Bankruptcy Code.

8.      All entities that are in possession of some or all of the Purchased Assets on the closing date are directed to surrender possession of such Purchased Assets to the Purchaser on the closing date. All entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Debtor to sell and transfer the Purchased Assets to the Purchaser in accordance with the terms of the Asset Purchase Agreement and this Order.

9.      **SMB 5/3/11**    The transactions contemplated by the Asset Purchase Agreement are undertaken by Purchaser, in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale under the Asset Purchase Agreement shall not affect the

11

~~validity of such sale to Purchaser, unless such authorization is duly stayed pending such appeal.~~
~~Purchaser is a good-faith purchaser and is entitled to all of the protections afforded by section~~
~~363(m) of the Bankruptcy Code. The sale of the Purchased Assets, and the Debtor's entry into~~
~~the Asset Purchase Agreement and related documents may not be avoided, and costs may not be~~
~~recovered or punitive damages awarded, pursuant to section 363(n) of the Bankruptcy Code.~~

10. **SMB 5/3/11** ~~In the absence of a stay pending appeal, the Purchaser will be~~
~~acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the~~
~~sale of the Purchased Assets as contemplated by the Asset Purchase Agreement and the~~
~~Transaction Documents at any time after the entry of this Sale Order and, accordingly, such~~
~~closing in the face of an appeal will not deprive the Purchaser of its status as a good faith~~
~~purchaser.~~

11. The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby
lifted with respect to the Debtor to the extent necessary, without further order of this Court, to (i)
allow the Purchaser to deliver any notice provided for in the Asset Purchase Agreement, and (ii)
allow the Purchaser to take any and all actions permitted under the Asset Purchase Agreement in
accordance with the terms and conditions thereof.

12. No bulk sales law or any similar law of any state or other jurisdiction **SMB 5/3/11**
~~applies in any way to~~ **shall affect validity of** the sale under the Asset Purchase Agreement.

13. The failure specifically to include or refer to any particular provision of the Asset
Purchase Agreement in this Order shall not diminish or impair the effectiveness of such
provision, it being the intent of this Court that the Asset Purchase Agreement be authorized and
approved in its entirety.

14.     No other or further consents or approvals of the Court are required for the Debtor to consummate or effectuate (i) the Asset Purchase Agreement and transactions contemplated therein, (ii) the transfer of the Purchased Assets, and (iii) the receipt of consideration from Purchaser.

15.     The Asset Purchase Agreement and any Transaction Document may be modified, amended, or supplemented by the parties thereto **SMB 5/3/11** **in an immaterial manner** , in a writing signed by the Debtor and the Purchaser, and in accordance with the terms of the Asset Purchase Agreement, without further order of the Court.

### _Assumption and Assignment of Assigned Contracts_

16.     **SMB 5/3/11** The Debtor is hereby authorized, ~~empowered, and directed, and upon entry of this Order, has all power and authority necessary~~ to (i) assume (to the extent not already assumed pursuant to prior order(s) of the Court) and assign to Purchaser the Assigned Contracts effective upon the closing date and upon the terms and conditions set forth in the Asset Purchase Agreement and the terms hereof, and (ii) execute and deliver to the Purchaser such assignment documents as may be necessary to sell, assign, and transfer the Assigned Contracts.

17.     Subject to the closing date, all Assigned Contracts assumed pursuant to the Sale Motion or otherwise shall be deemed assumed and assigned to the Purchaser pursuant to Bankruptcy Code § 365, in accordance with the terms of the Asset Purchase Agreement and the terms hereof. **SMB 5/3/11** ~~, free and clear of all Encumbrances, with all such interests attaching to the sale proceeds with the same validity and priority as they had in the applicable assets being assigned.~~ To the extent an Assigned Contract is not an "executory contract" within the meaning of section 365 of the Bankruptcy Code, such Assigned Contract is nevertheless

transferable to the Purchaser as an asset of the Debtor pursuant to section 363 of the Bankruptcy Code.

18.     On or before the closing date, the Debtor shall pay the amounts due, if any, on the Assigned Contracts necessary to cure any existing default under such Assigned Contracts, including all Cure Costs and Post-Petition Costs (both as defined in the Asset Purchase Agreement). Other than payment of such amounts, if any, no other action needs to be taken with respect to any of the Assigned Contracts in order for the Debtor to assume and assign the Assigned Contracts under sections 363 and 365 of the Bankruptcy Code. If necessary, the Debtor is authorized to pay all Cure Costs and Post-Petition Costs out of the proceeds of sale paid by the Purchaser at the closing.

19.     The Agreement of Lease dated March 24, 2005, as amended (the "**Lease**") between the Debtor and Fifth Avenue & 46th Street Associates, L.P. (the "**Landlord**"), shall be assigned to Purchaser on the closing date in accordance herewith and the Asset Purchase Agreement, subject to the following additional provisions: (a) (i) on or before the closing date, all then unpaid rental obligations (including, but not limited to, the rent obligation for May 2011, to the extent not previously paid by the Debtor ) will be paid in full by the Debtor, and, to the extent that there are any pre-closing, post-petition defaults or accrued unpaid obligations (including indemnities), those amounts will be cured by the Debtor on or before the closing date, if the amounts thereof are then known or determinable, or otherwise paid by the Debtor in the ordinary course, as applicable, with all obligations under this paragraph 19(a) to be solely the obligations of the Debtor, and (ii) (x) in no event shall the Purchaser be liable for any of the obligations described this paragraph 19(a), (y) such obligations shall not be treated as obligations under the Lease as assigned to the Purchaser, and (z) the Debtor's failure to pay or perform such

obligations shall in no way constitute a breach or default under the Lease or otherwise affect the Lease or the assignment thereof to the Purchaser in accordance herewith and the Asset Purchase Agreement; (b) the Landlord and Purchaser shall enter into a modification of the Lease in form and substance satisfactory to the Purchaser and the Landlord to be entered into on or before the closing date; (c) the Purchaser shall have deposited with the Landlord a security deposit of $100,000.00 (the "**Security Deposit**"), which Security Deposit may be in the form of cash or letter of credit, at the Purchaser's option from time to time, and shall be in substitution for and in lieu of any security deposit now or hereafter required under the terms of the Lease (including, without limitation, in substitution for and in lieu of the security deposit which otherwise would have been required to be paid to the Landlord under the Lease in August, 2012); (d) on the closing date, CW Financial Services LLC ("**CWFS**") shall have executed and delivered a guaranty, in form and substance satisfactory to CWFS and the Landlord, pursuant to which CWFS guaranties the Purchaser's obligations under the Lease in full first arising after the closing date; and (e) the Landlord shall have terminated the existing personal guaranties of the Lease provided by Messrs. John W. Magee and Daniel McNulty. If necessary, the Debtor is authorized to pay all unpaid rental obligations, post-petition defaults, or accrued unpaid obligations under the Lease to the Landlord out of the proceeds of sale paid by the Purchaser at the closing. **SMB 5/3/11 Wayne Greenwald, Esq., counsel for the Debtor, has represented to the Court that the Landlord and the purchaser consent to the provisions of this paragraph 19.**

20. Unless a Cure Objection (as defined below) is filed and served by a party to or interested in a Assigned Contract, all such interested parties (i) shall be deemed to have waived and released any right to assert a Cure Objection, **SMB 5/3/11** ~~(ii) shall be deemed to have given the consent contemplated by Bankruptcy Code section 365, as and to the extent applicable,~~

~~to the assumption and assignment of such Assigned Contracts pursuant to the Asset Purchase Agreement~~, and (iii)  shall be forever barred and estopped from asserting or claiming against the Debtor or the Purchaser  that additional amounts are due or defaults exist or conditions to assignment must be satisfied under such Assigned Contract for the period prior to closing of the sale transaction under the Asset Purchase Agreement. "**Cure Objection**" shall mean an objection to the proposed assumption and/or assignment of any Assigned Contract to the Purchaser, or to the validity of the cure amount determined by the Debtor, as set forth in the Assignment Notice, or to otherwise assert that any amounts, defaults, conditions, or pecuniary losses must be cured or satisfied under any of the Assigned Contracts (including accrued but not yet due obligations), in order for such contract to be assumed and/or assigned.

21.     Upon assignment, the Assigned Contracts shall be transferred to, and remain in full force and effect for the benefit of, the Purchaser, in accordance with their respective terms, notwithstanding any provision in such Assigned Contract which prohibits, restricts or conditions such assignment or transfer. Upon assignment, the Purchaser is assuming liabilities first arising under the Assigned Contract after the effective date of assignment and to the extent set forth in the Asset Purchase Agreement.

22.     No other or further consents or approvals of the Court are required for the Debtor to consummate or effectuate the assumption and assignment to Purchaser of the Assigned Contracts.

23.     The Assigned Contracts, as set forth in _Exhibit B_, (a) shall not include the following contracts or agreements previously listed in the notice of proposed assumption and/or assignment of executory contract, dated as of April 15, 2011: (i) subscription agreement with Moody's Economy.com; and (ii) certain Ocala current assignment listing with Konover; and (b)

shall include certain Master Lease Agreement No. 212056 between the Debtor and CitiCapital Technology Finance, Inc. ("**Citi**") together with the Equipment Schedule No. 000 and related Schedule A, dated as of February 2, 2005 (collective, the "**Citi Contract**") for audio, video, phone and any other equipment listed in the Citi Contract, *provided that* such assignment shall be subject to payment by the Debtor of $14,306.26 which shall constitute the total and final amount due under the Citi Contract. Citi has consented to the assignment of the Citi Contract to the Purchaser.

24.     Nothing herein shall preclude the Debtor from filing a notice of assignment and related pleadings after entry of this Order with respect to the assignment of a contract or lease that is contemplated under the Asset Purchase Agreement.

### *Additional Provisions*

25.     This Court shall retain jurisdiction over all matters arising out of and related to this Sale Order.  The foregoing shall include, but not be limited to, retaining exclusive jurisdiction (a) to compel delivery of the Purchased Assets (including the Assigned Contracts) to Purchaser; (b) to resolve any disputes arising under or related to the Asset Purchase Agreement, except as otherwise provided therein; and (c) to protect the Purchaser, or the Purchased Assets, from and against any Encumbrances.

26.     The terms and conditions of this Sale Order are and shall be binding upon and govern the acts of all Persons, entities, and Governmental Units,  **SMB 5/3/11   and where applicable, require all Persons, entities and Governmental Units**  ~~including, without limitation, the Debtor (and its affiliates, agents, representatives, counsel and advisors), any trustee that may be appointed in the Debtor's chapter 11 case or in any case under chapter 7 of the Bankruptcy Code to which such case may be converted, the Debtor's estate, the Purchaser,~~

~~any other affected parties, creditors and all Persons asserting liens and claims against the~~ ~~Purchased Assets, and all other Persons and entities, including without limitation all filing~~ ~~agents, filing officers, title agents, title companies, recorders of mortgages, registrars of deeds,~~ ~~administrative agencies, governmental departments, secretaries of state, federal and local~~ ~~officials, and all other Persons, entities, and Governmental Units who may be required by~~ ~~operation of law, the duties of their office, or contract, to accept, file, register or otherwise record~~ ~~or release any documents or instruments, or who may be required to report or insure any title or~~ ~~state of title in or to any lease; and each of the foregoing is hereby directed~~ to accept for filing this Order and any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by this Order and the Asset Purchase Agreement.

27.     Nothing contained in the Debtor's chapter 11 plan, or order of any type or kind entered in (a) the case, (b) any subsequent chapter 7 case into which any such chapter 11 case may be converted, or (c) any related proceeding subsequent to entry of this Order, shall conflict with or derogate from the provisions of the Asset Purchase Agreement or the terms of this Order.

28.     Notwithstanding the applicability of Bankruptcy Rules 6004(h) and 6006(d) staying the effectiveness of this Order for fourteen days, and any other applicable Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry by the Court.

29.     The closing shall take place at the office of Debtor's counsel within the time period set forth in the Asset Purchase Agreement.

30.     Upon consummation of the closing, the Debtor is authorized and directed to immediately pay to Signature Bank, out of the proceeds of sale paid by the Purchaser, by wire transfer in immediately available funds, an amount necessary to pay in full Signature Bank's pre-

petition and post-petition claims, as recognized in the Court's "Final Order Authorizing Debtor's Use Of Collateral And Cash Collateral And Granting Adequate Protection Claim And Lien" dated July 21, 2009, as amended by orders of the Court dated July 2, 2010, December 21, 2010, and January 19, 2011.

Dated: New York, New York

     May 3, 2011

                                        **/s/ STUART M. BERNSTEIN**
                                        Hon. Stuart M. Bernstein,
                                        United States Bankruptcy Judge

**Issued at 2:31 p.m.**

<u>EXHIBIT A</u>
(Asset Purchase Agreement) [1]

---

[1] The exhibits and schedules attached to the Asset Purchase Agreement constitute form documents as of the execution of the Asset Purchase Agreement and filing of the sale motion, and such documents are subject to further updates before closing. Pursuant to Section 2.1(a) of the Asset Purchase Agreement, the assigned contracts schedule may be amended by the Purchaser up to the day immediately preceding closing to add or remove contracts or leases.

## EXHIBIT B
(Assigned Contracts)